**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEREMY JEROME,**

**Plaintiff,**

**vs.**                                                          **Case No. 4:17cv228-MW/CAS**

**RICHARD A. RAMSAY, et al.,**

**Defendants.**

_____/

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, filed a civil rights complaint, ECF No. 1,

and a motion seeking leave to proceed in forma pauperis, ECF No. 2, on

May 19, 2017.  Prior to review of those documents, Plaintiff filed two

"notices," the first on May 23, 2017, ECF No. 4, and the second on May 30,

2017, ECF No. 5.

Although the in forma pauperis motion appears to contain some

incorrect information, it is sufficient to demonstrate that Plaintiff is unable to

pay the filing fee for this case.  ECF No. 2.  Plaintiff states that he is

currently incarcerated, ECF No. 2 at 1, but Plaintiff provides an address on

his in forma pauperis motion, ECF No. 2 at 1, and on the complaint which

is not the address for the Leon County Jail. The address provided, 2650

Municipal Way, ECF No. 1 at 2, is the location of the Kearney Center,

which is Tallahassee's homeless shelter. Thus, Plaintiff's in forma

pauperis motion is granted and the Clerk shall file the complaint without

payment of the filing fee.

Neither of Plaintiff's "notices," ECF Nos. 4-5, are intelligible. The

documents do not provide information helpful to litigating this case and no

further action will be taken on them. Plaintiff's complaint, ECF No. 1, also

presents unintelligible allegations. Plaintiff does not clearly assert a claim

against any named Defendant. Moreover, Plaintiff does not request any

relief from this Court. *Id.* at 14-15. The complaint should be dismissed

because it is frivolous.

A United States District Court may dismiss a case filed in forma

pauperis if it is satisfied that the action is frivolous or malicious. 28 U.S.C.

§ 1915. The Supreme Court in <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.

Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989), recognized two types of cases

which may be dismissed, *sua sponte*, pursuant to 28 U.S.C. § 1915(d). In

the first class are "claim(s) based on an indisputably meritless legal

theory," and in the second class are "those claims whose factual

Case No. 4:17cv228-MW/CAS

contentions are clearly baseless." *Id.* Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit. Within the latter are those cases describing scenarios clearly removed from reality. <u>Sultenfuss v. Snow</u>, 894 F.2d 1277 (11th Cir. 1990) (citing <u>Neitzke</u>). This case does not present a comprehensible legal theory and appears to be removed from reality. Dismissal pursuant to § 1915(e)[1] is appropriate.

Accordingly, it is **ORDERED** that Plaintiff's motion seeking leave to proceed in forma pauperis, ECF No. 2, is **Granted** and the Clerk of Court shall file Plaintiff's complaint without requiring payment of the filing fee.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it is both frivolous and fails to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2017.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]  The P.L.R.A. redesignated 1915(d) as 1915(e).

Case No. 4:17cv228-MW/CAS

## <u>NOTICE TO THE PARTIES</u>

**Specific, written objections to these proposed findings and recommendations must be filed within 14 days after being served with a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of the objections shall be served upon all other parties. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636. A party may respond to another party's objections within 14 days after being served with a copy thereof.**